IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Elizabeth Goodwin, Administrator of the Estate of Brian Garber, | : : : | CASE NO. 1:15-cv-00210 |
| Plaintiff, | : : | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN |
| vs. | : : : | |
| Richland County, et al., | : : | |
| Defendants. | : | |

**DEFENDANTS' SUPPLEMENTAL OBJECTIONS TO PLAINTIFF'S WITNESS AND EXHIBIT LIST**

Defendants, by and through counsel, pursuant to this Court's trial order submit the following supplemental objections to Plaintiff's Updated Proposed Exhibit List. Defendants reserve the right to amend or modify any of the objections set forth below on the basis of any stipulation entered into by the parties; corrections, revisions or other modifications to the underlying exhibits; any order from the Court on outstanding motions; and any ruling from the Court impacting admissibility. Defendants incorporate by reference all arguments raised in their Motion in Limine (Doc. 64) and in their prior Objections to Plaintiff's witness and exhibit list (Doc. 83)

**Demonstrative Exhibits**

Defendants object to Plaintiff's updated demonstrative exhibits, Interactive Demonstrative Exhibit, Trajectory Presentation and video reenactment. (Pl. Exs. 55, 56 and 38). Plaintiff indicated following the parties final pretrial held on September 12, 2018 that changes would be made to

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

Plaintiff's Interactive Demonstrative Exhibit, Trajectory Presentation and video reenactment to address Defendants' objections raised in their Motion in Limine and Defendants' Objections Plaintiff's Witness and Exhibit List. Plaintiff's updated demonstrative exhibits have not remedied the objections raised by Defendants and must be precluded. Defendants incorporate all prior arguments raised regarding these exhibits and will address additional objections to the specific updates below.

Under Fed. R. Evid. 401, evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Plaintiff's Interactive Demonstrative Exhibit is irrelevant. Plaintiff's argue that the layout of Garber home is confusing and this exhibit will orient the jury. The Defendant-Deputies entry into the 3400 Mill Run Road and subsequent ascension up the stairs is not complicated. There is no justification as to why the jurors need a visual depiction of these events or replicated still photographs of the home where the events occurred. See *U.S. v. Williams*, 271 F.R.D. 1 at *3-4 (D.D.C. 2010) ("The government has not provided any persuasive argument as to why the jurors would need a visual depiction of this event to understand how it occurred."). The Defendant-Deputies and other eyewitnesses will offer testimony to describe the events that occurred in their own words, nullifying any use for the reenactment video or photographs. See *id.* Further, Plaintiffs' Interactive Demonstrative Exhibit includes the use of timer. There is no indication from the exhibit what the timer is to be used for. The inclusion of this timer will be confusing to the jury.

Additionally, Plaintiff's Interactive Demonstrative Exhibit, Trajectory Presentation and video reenactment should be precluded in their entirety and Plaintiff should not be permitted to offer any testimony related to either because they materially differ from the actual circumstances and environment at the 3400 Mill Run Road home on March 16, 2014. Plaintiff argues that her

FD AR FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law

2

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

demonstrative exhibits are sufficiently accurate for use at trial. (Doc. 74 Page Id. 1752) This is not so. Plaintiff's Interactive Demonstrative Exhibit includes a video reenactment (Pl. Ex. 38). The video reenactment was previously addressed in Defendants' Motion in Limine. (Doc. 64 Page Id. 1485-1488) Video reenactments, such as the one included in Plaintiff's Interactive Demonstrative Exhibit, "must be 'substantially similar' to those events at issue" to be admissible. *U.S. v. Baldwin*, 418 F.3d 575, 579-580 (6th Cir. 2005). Even substantial similarity is sometimes not sufficient to justify the use of a video reenactment. See *U.S. v. Williams*, 271 F.R.D. 1 (D.D.C. 2010). "When a party generates demonstrative evidence based on conditions that may be dissimilar to the actual conditions, the dissimilarities create uncertainty that undermines the probative value." *Id.* at 3, citing *Baldwin*, 418 F.3d at 579-80.

Plaintiff's updated video reenactment has not addressed the arguments raised by Defendants. First, Plaintiff's reenactment was filmed during the day and does not accurately depict the events at issue. (Pl. Ex. 55). The Defendant-Deputies arrived at 3400 Mill Run Road after 8:15 p.m. on March 16, 2014, nighttime, not daytime, like the reenactment video. (Court's Op. and Order, 7-8, April 5, 2017, DOC # 39). Second, the Defendant-Deputies knocked on the inside garage door and Matthew Garber answered. (Nicholson Depo. Doc. 32-14 Page Id. 744) This is not shown on the video. Additionally, when the Defendant-Deputies ascended to the second story of the home, the door to the room where Brian Garber was located was open, not closed, as depicted in Plaintiff's video. (Knee Depo. Doc. 32-5 Page Id. 338; Nicholson Depo. DOC# 32-14 Page Id. 755-756 ; Frazier Depo. DOC# 32-2 Page Id 277-278). Plaintiff made one change to this reenactment video. Plaintiff's video does not show the bedroom door being opened by the operator of the camera. However, this change does not remedy Defendants' objection because the video still presents an inaccurate version of the events at issue as the Defendant-Deputies arrived upstairs

FISHEL DOWNEY  
ALBRECHT & RIEPENHOFF LLP™  
Attorneys at Law

3

7775 Walton Parkway  
Suite 200  
New Albany, Ohio 43054

(614) 221-1216 PH  
(614) 221-8769 FX  
www.fisheldowney.com

to an open bedroom door not a closed door.

What continues to be the most troubling inaccuracy is the depiction of the position of Brian Garber in both the Interactive Demonstrative Exhibit and the Trajectory Presentation. Plaintiff has updated these exhibits and they no longer depict Brian Garber with his right hand raised and his left arm outstretched to his side. However, while Brian Garber's right hand now appears to be concealed it does not appear from the image that he is holding an object shaped like a gun. This image blatantly mischaracterizes the testimony of witnesses in this case. All three deputies testified that Brian Garber's hands were concealed under his shirt holding an object shaped like a gun. (Nicholson depo. Doc. 32-14 Page Id. 756-757, 759; Knee depo. Doc. 32-5 Page Id. 340-341; Frazier depo. Doc. 32-2 Page Id. 282, 285). All of the officers testified that there was a very distinct rectangular shaped impression underneath Brian Garber's shirt. Even Matthew Garber indicated to BCI investigator Cory Momchilov that Brian was holding an object under his shirt that looked like a gun. (Momchilov depo. Doc. 32-9 Page ID 447) This is not captured in Plaintiff's demonstrative exhibits. Instead Plaintiff attempts to put an image before the jury that does not show Brian holding an object shaped like a gun under his shirt. This will cause jury confusion. The jury may believe that Brian was not holding such an object under his shirt during the time of Defendant-Deputies interaction with Brian. See *Dunkle v. State*, 2006 OK CR 29, 139 P.3d 228, ¶¶ 66-69 (Here the Court found the animated reenactment of a shooting inappropriate and misleading as the defendant's statements did not support the animation and "[b]ecause the animations were not fairly representative of the evidence in the case, they were not relevant.")

In light of crucial differences between the Interactive Demonstrative Exhibit, the Trajectory Presentation, video reenactment and the actual events at issue in this case, this evidence lacks any probative value. To the extent there is any probative value, it is clearly outweighed by

FD AR FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

4

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

the prejudicial impact created by the presentation of erroneous or hypothetical material to the jury. Thus, Plaintiff should be precluded from using her Interactive Demonstrative Exhibit and the Trajectory Presentation.

| EXHIBIT NO. | DESCRIPTION | ID | OFF. | OBJ. | ADMIT | NOT ADMIT |
|---|---|---|---|---|---|---|
| Pl. Ex. 38 | Video reenactment clip | | | | | |
| Pl. Ex. 55 | Interactive Demonstrative | | | | | |
| Pl. Ex 56 | Trajectory Presentation | | | | | |

For all the above reasons, Defendants respectfully request that Plaintiff be precluded from using Demonstrative Exhibits 38, 55 and 56 and Plaintiff should not be permitted to offer any testimony related to the same.

                              Respectfully submitted,

                              /s/ Melanie J. Williamson
                              Daniel T. Downey (0063753)
                              Melanie J. Williamson (0079528)
                              **FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
                              7775 Walton Parkway, Suite 200
                              New Albany, Ohio 43054
                              (614) 221-1216 – Telephone
                              (614) 221-8769 – Fax
                              ddowney@fisheldowney.com
                              mwilliamson@fisheldowney.com
                              *Attorneys for Defendants Raymond Frazier, Andrew Knee and James Nicholson*

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law
5
7775 Walton Parkway
Suite 200
New Albany, Ohio 43054
(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Melanie J. Williamson
Melanie J. Williamson (0079528)
*Attorney for Defendant Raymond Frazier, Andrew Knee and James Nicholson.*

FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

6

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com