IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH GOODWIN, As Administrator of the Estate of BRIAN GARBER,<br><br>Plaintiff,<br><br>v.<br><br>RICHLAND COUNTY, OHIO, et al.,<br><br>Defendants. | CASE NO.   1:15-CV-00210<br><br>MAGISTRATE JUDGE<br>  WILLIAM H. BAUGHMAN, JR. |

**PLAINTIFF'S SUPPLEMENT TO MOTION IN LIMINE TO PRECLUDE EVIDENCE, ARGUMENT, OR TESTIMONY CONCERNING FACTS NOT KNOWN TO DEFENDANTS AT THE TIME OF THE SHOOTING**

Plaintiff, through counsel, submits her supplement to her motion in limine to preclude evidence, testimony, argument, or innuendo concerning facts not known to Defendants at the time of the shooting (Dkt. 53).

Plaintiff previously moved to exclude all testimony, evidence, and arguments concerning Sara Knowlton's February 7, 2018 phone call to Richland County Sheriff's Office (RCSO) (Def. Ex. 1015 and 1016), relaying a message concerning the instant case. In this call, Sara Knowlton expressed that Defendants were not wrong in killing Brian Garber and that she was wrong to file the lawsuit.

Plaintiff previously moved to exclude this evidence on the grounds that Ms. Knowlton was not present when Defendants shot and killed Brian Garber and she has no relevant information about the shooting of Brian Garber on March 16, 2014. Further, other information provided in the call was not in the possession of Defendants on the night they shot and killed Brian Garber.

1

Notably, Ms. Knowlton has since recanted the phone call, noting the tense conditions surrounding custody litigation relating to her children and other extenuating circumstances which affected her statements to RCSO. (*See* Dkt. 53.)

The motion is still pending at this time. Since the time Plaintiff filed her motion in limine concerning this evidence, Sara Knowlton resigned from the role of administrator of the Estate of Brian Garber. Therefore, Ms. Knowlton is no longer a party to the case and is only a witness. The statement is not admissible under Fed. R. Evid. 801(d)(2) as the statement of a party-opponent. The phone call constitutes hearsay not subject to any exception. At best, the recording or transcript of the phone call can be used for the purpose of impeachment and are not admissible as evidence.

Admitting evidence related to the phone call would only serve to inflame the jury and would be extraordinarily prejudicial. It is not relevant to the jury's determinations about the facts of this case, and must be precluded.

For the reasons stated in Plaintiff's motion in limine to preclude evidence, testimony, argument, or innuendo concerning facts not known to Defendants at the time of the shooting (Dkt. 53), and for the reasons stated above, Plaintiff asks the court to exclude all evidence, testimony, argument, or innuendo relating to Sara Knowlton's phone call to RCSO on February 7, 2018.

Respectfully submitted,

*/s/ Jacqueline C. Greene*
TERRY H. GILBERT (0021948)
JACQUELINE C. GREENE (0092733)
FRIEDMAN & GILBERT
55 Public Square, Suite 1055
Cleveland, OH  44113-1901
Tel:     (216) 241-1430
Fax:    (216) 621-0427
Email: tgilbert@f-glaw.com
            jgreene@f-glaw.com

W. ANDREW HOFFMAN, III (0006680)
CHANCE G. DOUGLAS (0087958)
HOFFMAN LEGAL GROUP, LLC
24100 Chagrin Blvd., Suite 280
Cleveland, OH   44122
Tel:     (216) 292-5200
Fax:    (216) 292-8766
Email: ahoffman@hoffmanlegalgroup.com
            cdouglas@hoffmanlegalgroup.com

*Counsel for the Estate of Brian Garber*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jacqueline C. Greene*
JACQUELINE C. GREENE (0092733)
One of the Attorneys for Plaintiff

3